## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | |
|---|---|
| JAMES HUTCHINS, individually and on behalf of all others similarly situated, | DOCKET NO. _____ |
| vs. | JURY TRIAL DEMANDED |
| SANCHEZ OIL & GAS CORPORATION | COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### SUMMARY

1.      Plaintiff James Hutchins brings this lawsuit to recover unpaid overtime wages and other damages from Defendant Sanchez Oil & Gas Corporation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

2.      Sanchez employs oilfield personnel, like Hutchins, to carry out its work.

3.      Hutchins, and the other workers like him, were typically worked 12-14 hour shifts and regularly worked more than 60 hours per week.

4.      But Sanchez does not pay all of these workers overtime for hours worked in excess of 40 hours in a single workweek.

5.      Instead of paying overtime as required by the FLSA, Sanchez pays these workers a day-rate and improperly classified them as independent contractors.

6.      This action seeks to recover the unpaid overtime wages and other damages owed to these workers.

### JURISDICTION & VENUE

7.      This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

8.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part

of the events or omissions giving rise to the claim occurred in this District. Hutchins performed work-related tasks for Sanchez in this District in Dimmit County.

## PARTIES

9.      From approximately March 2017 until October 2018, Hutchins worked for Sanchez as a Directional Driller. Throughout his employment with Sanchez, he was paid a day-rate with no overtime compensation. His consent to be a party Plaintiff is attached as Exhibit A.

10.      Hutchins brings this action on behalf of himself and other similarly situated workers who were paid by Sanchez's day-rate system.

11.      Sanchez paid each of these workers a flat amount for each day worked and failed to pay them overtime for hours worked in excess of 40 hours in a workweek.

12.      The class of similarly situated employees sought to be certified as a collective action under the FLSA is defined as:

> **All oilfield workers who worked for, or on behalf of, Sanchez Oil & Gas Corporation during the past 3 years who were classified as independent contractors and paid a day-rate with no overtime.** (the "Putative Class Members").

13.      Hutchins seeks conditional and final certification of this FLSA collective action under 29 U.S.C. § 216(b).

14.      Sanchez Oil & Gas Corporation may be served through its registered agent: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## COVERAGE UNDER THE FLSA

15.      Founded in 1972, SOG is a billion-dollar oil and gas company with operations throughout the United States.



16.     For at least the past decade, SOG has consistently employed hundreds of workers in the United States.

17.     At all times hereinafter mentioned, Sanchez has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

18.     At all times hereinafter mentioned, Sanchez has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

19.     At all times hereinafter mentioned, Sanchez has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $1,000,000 (exclusive of excise taxes at the retail level which are separately stated).

20.     Hutchins and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

21.     Sanchez's misclassification of Hutchins and the Putative Class Members as independent contractors does not alter its status as an employer for purposes of the FLSA.

## FACTS

22.     Sanchez is a large oil and gas company operating throughout the United States, and in Texas.

23.     In order to make the goods and provide the services it markets to its customers, Sanchez employs oilfield personnel like Hutchins and the Putative Class Members.

24.     These oilfield workers carry out the hands-on, day-to-day production work of Sanchez.

25.     Oilfield employees are an integral part of Sanchez's business operations.

26.     No advanced degree is required to become an oilfield employee. In fact, Sanchez regularly hires employees who only have a high-school diploma (or less).

27.     For example, Hutchins did not have any advanced degree.

28.     Being an oilfield employee is not work requiring specialized academic training as a standard prerequisite.

29.     To the extent employees make "decisions," the decisions do not require the exercise of independent discretion and judgment.

30.     Instead, Sanchez employees apply well-established techniques and procedures.

31.     Employees are not permitted to deviate from established quality standards.

32.     These employees are blue collar workers. They rely on their hands, physical skills, and energy to perform manual labor in the field.

33.     With these job duties, these oilfield employees are clearly **non-exempt** under the FLSA.

34.     Sanchez paid Hutchins and the Putative Class Members a flat sum for each day worked, regardless of the number of hours that they worked that day (or in that workweek) and failed to provide them with overtime pay for hours that they worked in excess of 40 hours in a workweek.

35.      Hutchins worked for Sanchez from approximately March 2017 until October 2018 as a Directional Driller.

36.      Hutchins would conduct his day to day activities within designated parameters and in accordance with a predetermined well plan.

37.      Hutchins was paid on a day-rate basis throughout his employment with Sanchez.

38.      Hutchins and the Putative Class Members were not paid a salary.

39.      Sanchez typically scheduled Hutchins to work 12-14 hour shifts, for as many as 7 days a week.

40.      During each year of his employment, Hutchins regularly worked well in excess of 40 hours in a workweek.

41.      But Sanchez did not pay Hutchins overtime.

42.      The work Hutchins performed was an essential part of producing Sanchez's core products and/or services.

43.      During Hutchins' employment with Sanchez, Sanchez exercised control (directly or jointly through another company) over all aspects of Hutchins' job.

44.      Hutchins did not make any substantial investment in order to perform the work Sanchez required of him.

45.      Sanchez determined Hutchins' opportunity for profit and loss.

46.      Hutchins' earning opportunity was based on the number of days Sanchez scheduled him to work.

47.      Hutchins was not required to possess any unique or specialized skillset (other than that maintained by all other individuals working in the same job position) to perform his job duties.

48.      Hutchins was not employed by Sanchez on a project-by-project basis, but rather on a consistent basis.

49.     While Hutchins was classified as an independent contractor, he was regularly on call for Sanchez and was expected to drop everything and work whenever needed.

50.     Sanchez controlled all the significant or meaningful aspects of the job duties performed by Hutchins.

51.     Sanchez controlled the hours and locations Hutchins worked, the tools he used, and the rates of pay he received.

52.     Even when Hutchins worked away from Sanchez's offices without the presence of a direct Sanchez supervisor, Sanchez still controlled all aspects of Hutchins' job activities by enforcing mandatory compliance with Sanchez's policies and procedures.

53.     More often than not, Hutchins utilized equipment provided by Sanchez to perform his job duties.

54.     Hutchins did not provide the equipment he worked with on a daily basis.

55.     Sanchez made the large capital investments in buildings, machines, equipment, tools, and supplies in the business that Hutchins worked in.

56.     Hutchins did not incur operating expenses like rent, payroll, marketing, and insurance.

57.     Hutchins was economically dependent on Sanchez during his employment.

58.     Sanchez set Hutchins' rates of pay, his work schedule, and prohibited him (formally or practically) from working other jobs for other companies while they were working on jobs for Sanchez.

59.      Very little skill, training, or initiative, in terms of independent business initiative, was required of Hutchins to perform his job duties.

60.     Indeed, the daily and weekly activities of Hutchins and the Putative Class Members were routine and largely governed by standardized plans, procedures, and checklists created or mandated by Sanchez.

61. Virtually every job function performed by Hutchins and the Putative Class Members was pre-determined by Sanchez, including the tools to use at a job site, the data to compile, the schedule of work, and related work duties.

62. Hutchins and the Putative Class Members were generally prohibited from varying their job duties outside of the pre-determined parameters.

63. Finally, for the purposes of an FLSA overtime claim, the Putative Class Members performed substantially similar job duties related to oil and gas operations in the field.

64. Hutchins performed routine manual and technical job duties that were largely dictated by Sanchez.

65. All of the Putative Class Members perform the similar job duties and are subjected to the similar policies and procedures which dictate the day-to-day activities performed by each person.

66. The Putative Class Members also worked similar hours and were denied overtime as a result of the same illegal pay practice.

67. The Putative Class Members regularly worked in excess of 40 hours each week.

68. Like Hutchins, the Putative Class Members were generally scheduled for daily shifts of 12 (or more) hours for weeks at a time.

69. Sanchez did not pay Hutchins on a salary basis.

70. Sanchez did not pay the Putative Class Members on a salary basis.

71. Sanchez paid Hutchins on a day-rate basis.

72. Sanchez paid the Putative Class Members on a day-rate basis.

73. Sanchez failed to pay Hutchins overtime for hours worked in excess of 40 hours in a single workweek.

74. Sanchez failed to pay the Putative Class Members overtime for hours worked in excess of 40 hours in a single workweek.

75.     Sanchez knew, or acted with reckless disregard for whether, Hutchins and the Putative Class Members were misclassified as independent contractors.

76.     Sanchez classifies other workers who perform substantially similar work, under similar conditions, as employees.

77.     Sanchez's policy of failing to pay Hutchins and the Putative Class Members overtime violates the FLSA because these workers are, for the purposes of the FLSA, employees.

78.     Sanchez's day-rate system violates the FLSA because Hutchins and the other day-rate workers classified as independent contractors did not receive any pay for hours worked over 40 hours each week.

79.     Because Hutchins and the Putative Class Members were misclassified as independent contractors by Sanchez, they should receive overtime for all hours worked in excess of 40 hours in each workweek.

80.     Hutchins and the Class Members worked for Sanchez as employees over the past three years across the United States.

81.     As a result of Sanchez's pay policies, Hutchins and the Class Members were denied the overtime pay required by federal law.

82.     Sanchez keeps accurate records of the hours, or at least days, its employees work.

83.     It also keeps accurate records of the amount of pay employees receive.

84.     Despite knowing the FLSA requirements and that its employees regularly worked more than 40 hours in a workweek, Sanchez does not pay them overtime.

## FLSA VIOLATIONS

85.     Hutchins incorporates the preceding paragraphs by reference.

86.     As set forth herein, Sanchez violated the FLSA by failing to pay Hutchins and the Class Members overtime at one and one-half times the regular rate of pay under the hourly system, for hours worked in excess of 40 in a workweek. 29 U.S.C. § 207(a).

87.     At all relevant times, Sanchez has been an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

88.     Sanchez employed Hutchins and each member of the Class.

89.     Sanchez's pay policy denied Hutchins and the Class Members overtime compensation at the legal overtime rates required by the FLSA.

90.     Sanchez owes Hutchins and the Class Members overtime wages equal to 1 and ½ their regular rates for each overtime hour worked during the last three years.

91.     Sanchez knew, or showed reckless disregard for whether, its failure to pay overtime violated the FLSA. Its failure to pay overtime to Hutchins and the Class Members is willful.

92.     Due to Sanchez's FLSA violations, Hutchins and the Class Members are entitled to recover from Sanchez for their unpaid overtime compensation, liquidated damages, treble damages, reasonable attorney fees, costs, and expenses of this action.

93.     The improper pay practices at issue were part of a continuing course of conduct, entitling Hutchins and Class Members to recover for all such violations, regardless of the date they occurred.

COLLECTIVE ACTION ALLEGATIONS

94.     The illegal pay practices Sanchez imposed on Hutchins were likewise imposed on the Putative Class Members.

95.     Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

96.     Numerous other individuals who worked with Hutchins were classified as independent contractors, paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by state and federal wage laws.

97.     Based on his experiences and tenure with Sanchez, Hutchins is aware that Sanchez's illegal practices were imposed on other Putative Class Members.

98.     The Putative Class Members were improperly classified as independent contractors and not paid overtime when they worked in excess of 40 hours per week.

99.     Sanchez's failure to pay overtime at the rates required by state and/or federal law result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

100.    Hutchins' experiences are therefore typical of the experiences of the Putative Class Members.

101.    The specific job titles or precise job locations of the various members of the Putative Class Members do not prevent class or collective treatment.

102.    Hutchins has no interest contrary to, or in conflict with, the Putative Class Members.

103.    Like each Putative Class Member, Hutchins has an interest in obtaining the unpaid overtime wages owed under state and/or federal law.

104.    A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

105.    Absent a collective action, many members of the Putative Class Members will not obtain redress of their injuries and Sanchez will reap the unjust benefits of violating the FLSA .

106.    Furthermore, even if some of the Putative Class Members could afford individual litigation against Sanchez, it would be unduly burdensome to the judicial system.

107.     Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the Putative Class Members and provide for judicial consistency.

108.     The questions of law and fact common to each of the Putative Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

     a.    Whether Sanchez employed the members of the Class within the meaning of the applicable state and federal statutes, including the FLSA;

     b.    Whether the Putative Class Members were improperly misclassified as independent contractors;

     c.    Whether Sanchez's decision to classify the members of the Class as independent contractors was made in good faith;

     d.    Whether Sanchez's decision to not pay time and a half for overtime to the members of the Putative Class was made in good faith;

     e.    Whether Sanchez's violation of the FLSA was willful; and

     f.    Whether Sanchez's illegal pay practices were applied to the Putative Class Members.

109.     Hutchins and the Putative Class Members sustained damages arising out of Sanchez's illegal and uniform employment policy.

110.     Hutchins knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective action.

111.     Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective action treatment.

## JURY DEMAND

112.     Hutchins demands a trial by jury.

## RELIEF SOUGHT

113.     WHEREFORE, Hutchins prays for judgment against Sanchez as follows:

a.  An Order designating the Putative FLSA Class as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

b.  For an Order appointing Hutchins and his counsel to represent the interests of the FLSA Class;

c.  For an Order finding Sanchez liable to Hutchins and the Putative Class Members for unpaid overtime owed under the FLSA, as well as liquidated damages in an amount equal to their unpaid compensation;

d.  For an Order awarding attorneys' fees, costs, and pre- and post-judgment interest at the highest available rates; and

e.  For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Michael A. Josephson*
Michael A. Josephson
State Bar No. 24014780
mjosephson@mybackwages.com
Andrew W. Dunlap
State Bar No. 24078444
adunlap@mybackwages.com
**JOSEPHSON DUNLAP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile

Richard J. (Rex) Burch
State Bar No. 24001807
rburch@brucknerburch.com
**BRUCKNER BURCH, P.L.L.C.**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile

**ATTORNEYS IN CHARGE FOR PLAINTIFFS**